IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DALLAS RAY WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-513-ID |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA OPERATOR ) | |
| ENGINEERS POSTAL GENERAL ) | |
| BIOGRAFT CLONE MAGNET, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Dallas Ray White ["White"], a county inmate, asserts that defendants have undertaken experiments on his body through the use of satellite technology since April 24, 1967.

Upon thorough review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISCUSSION**

The instant complaint is rambling and unintelligible. The following recitation of

---

[1] The court granted White leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

assertions is representative of the bizarre nature of the complaint.

> Experiment abuse and lie by telling me they would pay me at the end of 42 year experiment capacity.  Data connect report printout topic contact missions.
> Side effects and symptoms doctor perscription audit file mental; Inturnal physician equipment medical advisories councils.
> X-ray equipment. Clone biograft afiliation asociation commissions. Hazardous to my Health....
> Deprive - me law contractor affiliation by using me with no [payment] of ... wages for being a lab animal.
> Audit imfomation of facts local law not interested it seem no interviews or investigations [into my claims] just close circuit intelligence from coleagues.  Dismissal without intrist.  I could have died without a little concern and education.

*Plaintiff's Complaint - Court Doc. No. 1* at 2-3.

This court shall dismiss an *in forma pauperis* complaint "if the court determines that ... the action ... is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i); *see also*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).[2]  This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.  Examples of such claims are those that describe "fantastic or delusional scenarios."  *Id*. at 328.

After carefully reviewing this complaint, the court concludes that the facts alleged by the plaintiff clearly reflect fantastic or delusional scenarios. The allegations made by White are a paradigm of those claims which should be subject to dismissal for

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

frivolousness as they are truly fantastic and wholly incredible. In light of the foregoing, the court concludes that the instant complaint is due to be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke, supra*.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice as delusional in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  It is further

ORDERED that on or before July 22, 2011, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

DONE, this 8th day of July, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE